UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHH Mortgage Corporation,<br><br>                          Plaintiff,<br>     v.<br><br>Saticoy Bay LLC Series 7712 Beach Falls, a Nevada limited liability company; Desert Creek Owners Association, a Nevada non-profit corporation; Arlene E. Vega, an individual.,<br><br>                         Defendants. | Case No. 2:16-cv-02795-MMD-NJK<br><br>ORDER |
| Desert Creek Homeowners Association Inc.,<br><br>                        Third Party Plaintiff,<br>     v.<br><br>Nevada Association Services, Inc,<br><br>                        Third Party Defendant. | |

This case arises out of a homeowner's association ("HOA") foreclosure and involves a constitutional due process challenge to Nevada Revised Statute Chapter 116's notice provisions. On April 27, 2017 Plaintiff PHH Mortgage Corporation ("PHH") filed a motion for summary judgment based on the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.,* 832 F.3d 1154 (9th Cir. 2016), where the court found that Chapter 116's notice provisions as applied to a nonjudicial foreclosure of an HOA lien before the 2015 amendment were facially unconstitutional. (ECF No. 34.) PHH

also filed a motion to stay discovery pending resolution of its summary judgment motion. (ECF No. 35.) The Court finds that the more prudent course of action is to stay the case in its entirety pending the resolution of the certiorari proceedings before the United States Supreme Court in *Bourne Valley* and/or *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017).

Within days of the Ninth Circuit issuing its mandate in *Bourne Valley*, the Nevada Supreme Court in *Saticoy Bay*, reached the opposite conclusion, finding that Nevada's superpriority lien statutes are not facially unconstitutional. The nonprevailing parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court. In light of this development, the Court finds that a stay is warranted in this case.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

These three factors weigh in favor of a temporary stay in this case, though the duration of the stay may be extended depending on whether the Supreme Court will grant

Bourne Valley and Well Fargo's petitions for a writ of certiorari. Any damage to the parties from a stay will be outweighed by the fees that all they will surely incur from continued litigation because a decision by the Court could be rendered moot by a decision in the certiorari proceedings before the Supreme Court. Until there is finality on the issue of whether Nevada's superpriority lien statutes are constitutional, a stay will benefit the parties and conserve judicial resources.

It is therefore ordered that this action is temporarily stayed until resolution of the certiorari proceedings before the United States Supreme Court in *Bourne Valley* and/or *Saticoy Bay*. The parties must file a status report within 15 days from such resolution. PHH's motion to stay discovery (ECF No. 35) is denied as moot. Satico Bay's motion to dismiss (ECF No. 14) and PHH's motion for summary judgment (ECF No. 34) are denied without prejudice and may be refiled within thirty (30) days after the stay is lifted. PHH's motion to strike (ECF No. 30) and motion to file sur-reply (ECF No. 31) are denied in light of the Court's denial of Satico Bay's motion to dismiss that resulted in the filing of these two motions.

DATED THIS 5th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE