UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY LLC SERIES 7712 BEACH FALLS, a Nevada limited liability company; DESERT CREEK OWNERS ASSOCIATION, a Nevada non-profit corporation; ARLENE E. VEGA, an individual.,<br><br>Defendants. | Case No. 2:16-cv-02795-MMD-NJK<br><br>ORDER |
| DESERT CREEK HOMEOWNERS ASSOCIATION, INC.,<br><br>Third Party Plaintiff,<br><br>v.<br><br>NEVADA ASSOCIATION SERVICES, INC.,<br><br>Third Party Defendant. | |

**I.   SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Defendant Saticoy Bay LLC Series 7712 Beach Falls' ("Saticoy") and Plaintiff PHH Mortgage Corporation's ("PHH") cross-motions for summary judgment. (ECF Nos. 71, 72.) The Court has reviewed Defendant Desert Creek Owners Association, Inc.'s ("HOA") responses. (ECF Nos. 75, 76.) No other responses were filed, nor were any replies filed. For the following reasons, the Court grants Saticoy's motion and denies PHH's motion. The Court also dismisses the HOA's third party complaint as moot.

///

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Arlene E. Vega ("Borrower") purchased residential property ("Property") located within the HOA at 7712 Beach Falls Court, Las Vegas, Nevada in 2010 with a loan ("Loan") secured by a first deed of trust ("DOT"). (ECF No. 71-3 at 2-3, 14.) The DOT was assigned to PHH by assignment recorded April 27, 2012. (ECF No. 71-4 at 3.)

The HOA recorded the following notices against the Property between June and December 2013: notice of delinquent assessment lien (ECF No. 71-5 at 2); notice of default and election to sell (ECF No. 71-7 at 2-3); and notice of trustee's sale (ECF No. 71-9 at 2-3).

The HOA recorded a foreclosure deed ("Foreclosure Deed") against the Property on January 16, 2014. (ECF No. 72-7 at 2.) The Foreclosure Deed indicates that the HOA sold the Property to Saticoy for $40,500 on January 3, 2014 ("HOA Sale"). (*Id.*)

PHH asserts claims for declaratory relief, quiet title, and unjust enrichment against Saticoy in the First Amended Complaint ("FAC"). (ECF No. 7 at 6-10.) PHH does not assert claims against the HOA or the Borrower. In the prayer for relief, PHH primarily seeks a declaration that the HOA Sale is void and did not extinguish the DOT. (*Id.* at 11.)

The HOA filed a third party complaint against NAS asserting claims for express and implied indemnity, contribution, apportionment, breach of contract, and declaratory relief. (ECF No. 18 at 10-14.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the

nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

In analyzing the merits of the parties' arguments, the Court presumes that the HOA Sale extinguished the DOT and that Saticoy thus owns the Property free and clear of the DOT. *See Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-00240-MMD-CBC, 2019 WL 470901, at *3 (D. Nev. Feb. 6, 2019) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014)). The Court finds that PHH fails to rebut this presumption and addresses each of its relevant arguments below.

PHH argues that it is entitled to summary judgment because Saticoy purchased a mere lien interest in the Property rather than title to the Property. (ECF No. 72 at 3.) PHH cites the language in the foreclosure deed stating that the HOA "does hereby grant and convey . . . all of its rights, title and interest in and to [the Property]." (ECF No. 72 at 4 (citing ECF No. 72-7 at 2).) The Court finds PHH's argument unpersuasive because Saticoy obtained title to the Property when it placed the highest bid at the HOA Sale. *See* NRS § 116.31164(3)(a) (2013) ("After the sale, the person conducting the sale shall . . . deliver to the purchaser . . . a deed . . . which conveys to the grantee all title of the unit's owner to the unit."); *see also Lakeview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-01648-GMN-CWH, 2019 WL 1410885, at *5 (D. Nev. Mar. 28, 2019) (citing same).

PHH further argues that it is entitled to summary judgment on equitable grounds. (ECF No. 72 at 5.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").
///

Adequacy of sales price aside, PHH has not demonstrated fraud, unfairness or oppression. PHH argues that the Foreclosure Deed did not convey title to the Property as required by NRS § 116.31164 (ECF No. 72 at 5), but the Court rejected this argument *supra*. PHH further argues that the amounts listed in the notices related to the HOA Sale were incorrect and included amounts (fines and penalties) not allowed under Nevada law. (*See id.*) But PHH has not argued or alleged how the inclusion of fines and penalties affected the sales price. (*See id.*) "[T]he fraud, unfairness, or oppression must have 'affected the sales price.'" *Bank of N.Y. Mellon v. Nev. Ass'n Servs., Inc.*, No. 2:16-cv-00370-APG-BNW, 2019 WL 2427938, at *4 (D. Nev. June 10, 2019) (quoting *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 161 (Nev. 2019) (en banc)); *see also S. Capital Pres., LLC v. GSAA Home Equity Tr. 2006-5*, 414 P.3d 808, 2018 WL 1447727, at *1 (Nev. 2018) ("[A]lthough counsel argued that the notices' inclusion of improperly incurred fees was unfair, there was no actual evidence supporting how inclusion of those fees either misled respondent or otherwise brought about the low sales price.").

PHH further argues that an HOA sale cannot extinguish a DOT insured by the FHA. (ECF No. 72 at 5.) The Court already rejected this argument when PHH raised it in its earlier motion for partial summary judgment and rejects it again now for the same reasons. (*See* ECF No. 62 at 2.)

Accordingly, the Court grants Saticoy's motion for summary judgment and denies PHH's motion for summary judgment.

**V.      THE HOA'S THIRD PARTY COMPLAINT**

The HOA's claims in the third party complaint are largely contingent on PHH recovering against the HOA. (*See, e.g.*, ECF No. 18 at 11 ("[I]f [PHH] recovers against HOA, then HOA is entitled to implied indemnity from the NAS.").) Given that PHH will not recover against the HOA in this action, the Court dismisses the HOA's third party complaint as moot.

///

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Saticoy's motion for summary judgment (ECF No. 71) is granted. The Court finds that the HOA Sale extinguished the DOT and that Saticoy took the Property free and clear of the DOT.

It is further ordered that PHH's motion for summary judgment (ECF No. 72) is denied.

It is further ordered that the HOA's third party complaint is dismissed as moot.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED THIS 18th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE